———o———

5084.

(Court of Appeal, Parish of Orleans.)

### JOHN MINOT vs. LOUIS SINCER.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "E."

Geo. Montgomery for plaintiff and appellee.

Lazarus, Michel and Lazarus for defendant and appellant.

GODCHAUX, J.—Plaintiff sues for the fifth and final installment claimed to be due him as a general contractor on a building contract, and also for an additional amount claimed for extra work. The latter item is conceded to be due him and requires no further notice. The answer of the defendant, the owner for whom the building was constructed, opposed the payment of the final installment on the ground that the con-

— 173 —

tract was never properly performed; but as this denial of liability is subsequently waived by defendant's reconventional demand wherein, among other things, demurrage is claimed for delayed performance; and as defendant, in the brief filed in this court, admits liability upon the main demand, the reconventional demand alone requires consideration.

Plaintiff secured judgment as prayed for, the reconventional demand was dismissed and defendant appeals.

The defendant demands demurrage from June 15th, the date for completion fixed in the contract, to October 15th., the date upon which defendant claims the building was actually completed and accepted. The delay from June 15th. to July 6th. is shown to have been due to defendant's act, and plaintiff cannot be charged therewith. The contract provided that the fourth payment should· be due when the building was "entirely finished," and the fifth, or final payment, fifteen days after completion and acceptance. On July 6th. the building was apparently complete and the fourth payment was then made without reservation and under circumstances which evidence an acceptance; for not only did the owner take possession, but the payment itself was accompanied by the execution of a separate instrument in favor of the owner for the evident purpose of avoiding the effect of his acceptance insofar as damage from defects subsequently developing was concerned. The lower court properly held that the building was completed and accepted on July 6th. and rejected the demurrage claim.

As to the item of $120.00 for repairing leaks in the wall, the court is satisfied that this claim is not well founded. Defendant contends that the leaks were due to imperfect joints made in laying the concrete blocks; but the record shows that they were laid according to

specifications; and moreover it is doubtful whether the leaks were due to this cause, or to the porousness of the concrete blocks furnished by the owner, or to the fact that the interior finish was laid directly upon the walls and not upon lathe work and furring, or to other causes. If due to imperfect and improper joints, that defect could have been remedied at a nominal expense; and defendant's more expensive remedy whereby he secured a better job than the specifications themselves called for, could in no event be justified. This item was properly rejected.

As to the claim for damage for the walls being out of plumb, not only does the record fail to satisfactorily show that such was the case, but even if the defect exists it appears more likely to have been caused from imperfect specifications or from soil conditions than from improper workmanship. Moreover, though the defect, if it existed, was known to defendant and his agents long before the fourth payment was made and the building accepted, no serious complaint on that score was made until the institution of the present proceeding and the claim has every appearance of being a mere afterthought.

The item of $9.70 was expended in providing larger hinges for the blinds and plaintiff cannot be charged therewith since it is shown that he installed the character of hinges specified. No effort was made to establish the claim of $15.00 for tarpaulins.

There is no error in the judgment and it is accordingly affirmed.

February 6, 1911.

Rehearing refused, March 6, 1911.